NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

SUMMIT NURSING CONVALESCENT
HOME, Respondent.

No. 72–1734.

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 12, 1973.

Decided Feb. 28, 1973.

Marcel Mallet-Prevost, Asst. Gen. Counsel, N. L. R. B., Washington, D. C., John C. Getreu, Director, Region 9, N.L.R.B., Cincinnati, Ohio, Joseph E. Mayer, Washington, D. C., for petitioner-appellant.

Emmett R. Moore, Kennedy & Moore, Cincinnati, Ohio, for respondent-appellee.

Before WEICK, MILLER and LIVELY, Circuit Judges.

### ORDER

The National Labor Relations Board has petitioned for enforcement of its order dated April 28, 1972 and reported at 196 NLRB No. 110. In its decision the Board refused to accept the recommendations of the Trial Examiner who had made the investigation following the original complaint of unfair labor practices that the charges be dismissed. The decision of the Board was by a two-to-one vote, with Chairman Miller dissenting.

The dispute arose as the result of a rule which the respondent, the operator of a nursing and convalescent home, adopted with respect to solicitation and distribution of literature. Two employees were suspended for violation of this rule and a union which was attempting to organize the home' filed charges of unfair labor practices. Violations of Section 8(a)(1) and (3) of the National Labor Relations Act, 29 U.S.C. § 158(a)(1, 3), were alleged in the disciplining of employees pursuant to a rule that was unlawfully broad in its application.

Based on all the facts and circumstances disclosed by the record in this case, the Court finds that the rule published and promulgated by respondent which is set out therein is reasonable and the Board should have adopted the decision and recommended order of the Trial Examiner.

Wherefore it is ordered that enforcement of the Order of the National Labor Relations Board dated April 28, 1972 be, and it hereby is, denied.

Virgil Leroy AIKINS, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 72–1982.

United States Court of Appeals,
Ninth Circuit.

Feb. 12, 1973.

### ORDER

Before ELY and HUFSTEDLER, Circuit Judges, and CRARY,* District Judge.

PER CURIAM:

The place of appellant's arrest is immaterial. The cause is remanded to the district court for the purpose of conducting an evidentiary hearing limited to the issue: Was the offense to which appellant pleaded guilty committed within the territorial jurisdiction of the United States?

The district court shall appoint counsel to represent the appellant in said hearing.

* Honorable E. Avery Crary, United States Judge for the Central District of California, sitting by designation.