NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

NATIONAL NURSING HOME CON-SULTANTS, INC., d/b/a Clermont Nursing and Convalescent Home, Respondent.

No. 76–1655.

United States Court of Appeals, Sixth Circuit.

March 16, 1978.

Elliott Moore, Deputy Associate Gen. Counsel, N.L.R.B., John Burgoyne, Frederick Havard, Washington, D. C., Emil C. Farkas, Director, Region 9, N.L.R.B., Cincinnati, Ohio, for petitioner.

Stephen J. Cabot, Julius M. Steiner, Pechner, Sacks, Dorfman, Rosen & Richardson, Barry F. Bevacqua, Philadelphia, Pa., for respondent.

Before PHILLIPS, Chief Judge, and EDWARDS and LIVELY, Circuit Judges.

ORDER

The National Labor Relations Board petitions for enforcement of its order against the respondent nursing and convalescent home, reported at 223 N.L.R.B. No. 3. Reference is made to the decision of the Board for a recitation of pertinent facts.

The court concludes that the decision of the Board is based upon substantial evi-

dence on the record considered as a whole and that the order of the Board should be enforced. On one issue, however, we restrict our ruling to the facts of this particular case. The Board held that the nursing home was guilty of promulgating and maintaining an overly broad no-solicitation rule. The respondent offered no evidence of special circumstances in justification of the rule. *See Republic Aviation Corp. v. N.L.R.B.,* 324 U.S. 793, 804, 65 S.Ct. 982, 89 L.Ed. 1372 (1945); *National Steel Corp., Great Lakes Steel Div. v. N.L.R.B.,* 415 F.2d 1231, 1233 (6th Cir. 1969). To the contrary, the nursing home admitted that its no-solicitation rule was unlawful, but contended that it had rescinded the rule prior to the time involved in this proceeding. The Board found that the employees never were advised of the purported rescission and ordered the nursing home to cease and desist "from promulgating or enforcing an unlawful no-solicitation rule." The general problem of no-solicitation rules in hospitals and nursing homes remains unsettled. The order of the Board in the present case is grounded on its decision in *Summit Nursing Convalescent Home,* 196 N.L.R.B. 76 (1972), which this court declined to enforce. *See N.L.R.B. v. Summit Nursing Convalescent Home,* 472 F.2d 1380 (6th Cir. 1973). *See also Baylor University Medical Center v. N.L.R.B.,* No. 76–1940 (D.C.Cir. Feb. 14, 1978); *Lutheran Hospital of Milwaukee, Inc. v. N.L.R.B.,* 564 F.2d 208 (7th Cir. 1977); *N.L.R.B. v. Beth Israel Hospital,* 554 F.2d 477 (1st Cir. 1977), *cert. granted,* —— U.S. ——, 98 S.Ct. 764, 54 L.Ed.2d 780 (1978); *St. Johns Hospital and School of Nursing, Inc. v. N.L.R.B.,* 557 F.2d 1368 (10th Cir. 1977); *Baptist Hospital, Inc.,* 223 N.L.R.B. No. 34 (1975), *review pending* (6th Cir. No. 76–1675).

It is ORDERED that the order of the Board be and hereby is enforced.

Entered by order of the court.